[No. 4,138.]

## R. B. CANFIELD *v.* DIXIE W. THOMPSON.

PATENT FOR PUEBLO LANDS.—A patent of the United States for the lands of a pueblo, confirmed under the Act to settle private land claims in California, is issued in pursuance of authority conferred by said Act, and is admissible in evidence.

CERTIFIED COPY OF DEED.—A certified copy of a deed from the County Recorder's office is primary evidence, and is admissible without proof of loss of the original.

DOCUMENT REFERRED TO IN BILL OF EXCEPTIONS.—If a bill of exceptions refers to a deed printed in the transcript, the deed must be identified in the bill.

EJECTMENT to recover lot 67 of the outside lands in the town of Santa Barbara, containing thirty-one and ninety-five-one-hundredths acres. The demanded premises were a portion of the pueblo lands of said town, confirmed under the Act of Congress to settle private land claims in California. The patent was issued on the 31st day of May, 1872. On the trial, the plaintiff offered the patent in evidence. The de-

fendant objected that the patent was issued without authority of law. The Court overruled the objection. The patent was issued to the Mayor and Common Council of the City of Santa Barbara. The plaintiff then offered in evidence a copy, certified by the Recorder, of a deed from the President and Board of Trustees of the town of Santa Barbara, to Gasper Oreña. The defendant objected that the certified copy was secondary evidence, and that the loss of the original had not been shown. The Court overruled the objection. There were several other objections made to the deed to Oreña. The bill of exceptions referred to it as a deed from the Board of Trustees of the town of Santa Barbara to Gasper Oreña, for lot 67, and stated "a copy of said deed is hereunto annexed market Exhibit B." A deed was printed in the transcript of the character above named, but it was not marked "Exhibit B," or identified in any other manner in the bill of exceptions. The plaintiff deraigned title from Oreña. He recovered judgment, and the defendant appealed.

*Charles E. Huse*, for the Appellant.

The Act of Congress of March 3, 1851, entitled "An Act to ascertain and settle the private land claims in the State of California," does not authorize the issuing of a patent to pueblos, nor to their successors in interest. The fee of the land in pueblos is in the United States government, as well after the confirmation of the pueblo claim as before, and can only be divested by an Act of Congress. This results from the nature of a pueblo title. (*Grisar* v. *McDowell*, 6 Wallace, 363.) Such a patent can be attacked collaterally. (*Doll* v. *Meador*, 16 Cal. 295; *Rondell* v. *Fay*, 32 Cal. 354; *San Francisco* v. *Canavan*, 42 Cal. 541.)

In *Mayo* v. *Marzeaux* (38 Cal. 449), this Court says: "To authorize a certified copy to be read, it must be shown that the original is not under the control of the party, unless the proof of that fact be waived by the adverse party." The decisions of this Court are uniform upon this point. (*Garwood* v. *Hastings*, 38 Cal. 228; *Powell's Heirs* v. *Hendricks*, 3 Cal. 427; *Maly* v. *Goodwin*, 6 Cal. 579; *Hurlbut* v. *Butenop*, 27 Cal. 50.)

*Fawcett & O'Brien,* for the Respondent.

Appellant does not favor us with any authority showing that a patent issued by the United States to pueblo land is void. The case of *Grisar* v. *McDowell* (6 Wall. 363), cited by counsel, does not bear even remotely on the question. The Act of March 3, 1851, section 14 (9 U. S. Statutes at Large, p. 634), provides expressly that where a town existed at the passage of the Act, the claim for lands embraced within the limits of the same should be made by the corporate authority of the town. Section 13 of the same Act provides that a patent shall issue to claimant upon his presenting to the General Land Office a certificate of confirmation and a plat or survey of the land, etc.

We contend that under the provisions of the Code of Civil Procedure a certified copy of a deed, duly recorded, is primary evidence. Writings are of two kinds: (1) public; (2) private. (Code of Procedure, Sec. 1887.) Public writings are * * * (2) public records kept in this State of private writings. (Id. secs. 1888 and 1894.) It cannot be denied that a record of deeds kept in a County Recorder's office is a public record of private writings. A certified copy of a public record (both of public and private writings) is primary evidence of the original writing. (Code of Procedure, Sec. 1893.)

By the Court McKinstry, J:

The objection to the patent to the city of Santa Barbara was not well taken. The Act of Congress, "to ascertain and settle private land claims," provides that a patent shall be issued to each "claimant" whose claim shall be finally confirmed.

The bill of exceptions contains all the evidence bearing upon the exceptions taken, and there is contained in it no evidence tending to show that the alleged deed from the town to Gasper Oreña was not in the possession or control of plaintiff. But a certified copy of a deed from the County Recorder's office is "primary" evidence. (Code Civil Procedure, secs. 1888, 1893, 1894.)

Points decided.

The other objections made to the deed cannot be passed on, because they are not sustained by the transcript. The instrument is not set forth in the bill of exceptions, nor is it referred to so that it is identified.

Judgment affirmed.

. Mr. Justice RHODES did not express an opinion.