[No. 9974. In Bank. — May 31, 1886.]

C. R. BROWN et al., Respondents, *v.* E. J. GRIFFITH et al., Appellants.

Evidence — Public Records. — The books of a recorder's office are not admissible in evidence to prove the execution and contents of instruments which have been duly recorded, unless the absence of the originals is first explained or accounted for.

Appeal from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Wharton & Shaw,* and *J. R. Webb,* for Appellants.

*D. W. Tupper,* and *Sayle & Harris,* for Respondents.

McKINSTRY, J.—At the trial, the plaintiffs produced books of the recorder of Fresno County, and offered in evidence matter recorded on certain pages thereof, for the purpose of proving the execution and contents of conveyances, and of a power of attorney to convey real estate. The defendants objected to the record as not the best evidence, and as not being admissible to prove the execution and contents of the instruments, until the absence of the original was explained or accounted for. The objection was overruled.   This was error.

By section 1894 of the Code of Civil Procedure public records of private writings are included in "public writings." Section 1893 of the same code, as originally passed, provided: "Every public officer having the custody of a public writing which a citizen has a right to inspect is bound to give him on demand a certified copy of it, on payment of the legal fees therefor, and such copy is primary evidence of the original writing."

July 1, 1874, section 1893 was amended so as to read as follows:—

"Every public officer having the custody of a public writing which a citizen has a right to inspect is bound to give him on demand a certified copy of it, on payment of the legal fees therefor, and such copy is admissible as evidence *in like cases* and with like effect as the original writing."

Section 1951 was added to the Code of Civil Procedure on the day last mentioned.   That section is:—

" Every instrument conveying or affecting real property, acknowledged or proved and certified as provided in the Civil Code, may, together with the certificate of acknowledgment or proof, be read in evidence in an action or proceeding without further proof; and a certified copy of the record of such conveyance or instrument

thus acknowledged or proved may also be read in evidence, with the like effect as the original, on proof, by affidavit or otherwise, that the original is not in the possession or under the control of the party producing the certified copy."

The section relates to the precise subject, fixes the rule, and determines under what circumstances and upon what proof the certified copy of the record of a private conveyance or instrument affecting real property is admissible. *Canfield* v. *Thompson*, 49 Cal. 210, was decided on facts occurring before section 1951 was adopted. Since its adoption, it is plain that section 1893 (in so far as it makes certified copies admissible "with like effect as the original writing" primary evidence) relates to certified copies of public writings other than those mentioned in the fourth subdivision of section 1894.

The fourth subdivision of section 1855, which provides that a certified copy of a record is admissible "when a certified copy of the record is made evidence by this code," etc., does not affect the question here considered, because the certified copy is made evidence by the code only after the preliminary proof.

The sections of the Code of Civil Procedure above referred to do not by their terms relate to the record of conveyances. It is by virtue of section 1919 of the same code ("A public record of a private writing may be proved by the original record, or by a copy thereof, certified by the legal keeper of the record") that a record of a private writing is evidence. By that section the record is placed upon the same footing as a certified copy of it. But the record only proves itself as a *record*. The record is not made primary evidence of the original writing. If the record is evidence of the execution and contents of the original writing, it is evidence only in the same cases in which a certified copy would be evidence,—that is, after proof that the original writing is not under the control of the party offering the record or certified copy.

Judgment and order reversed, and cause remanded for a new trial.

SHARPSTEIN, J., THORNTON, J., MYRICK, J., MORRISON, C. J., ROSS, J., and MCKEE, J., concurred.