[No. 12730. In Bank. — September 16, 1889.]

## FRESNO CANAL AND IRRIGATION COMPANY, RESPONDENT, v. L. L. DUNBAR, APPELLANT.

WATER RIGHTS — SALE OF WATER FOR IRRIGATION — COVENANT RUNNING WITH LAND — LIEN FOR PRICE OF WATER — PURCHASER WITH NOTICE. — At common law, and under the Civil Code, sections 1460, 1466, a covenant cannot be made to run with the land unless made in connection with and as part of the conveyance or transfer of the land itself; and upon the sale of a water right for the purpose of irrigating land, a covenant that the price thereof shall be paid in annual installments, and that the agreement and covenant to pay the same shall run with and bind the land, does not constitute a covenant running with the land which can impose a personal liability upon a purchaser of the land; but it binds the land so as to create a lien thereupon for the price of the water right, which can be enforced by foreclosure thereof against a purchaser with record notice of the agreement, though no personal judgment can be properly rendered against such purchaser.

ID. — EVIDENCE — PROOF OF NOTICE — SECONDARY EVIDENCE — RECORD OF LIEN — AMENDMENT OF CODE. — A lien for the price of a water right cannot be enforced against the land in the hands of a subsequent purchaser without proof of notice of the existence of the lien. The admis-

sion in evidence of the record of a contract creating such lien without · proof of the loss of the original, or otherwise accounting for it, was not allowable, prior to the amendment of section 1951 of the Code of Civil Procedure in 1889, and such evidence could not constitute proper proof of notice.

ID. — CONSTRUCTION OF CONTRACT — SALE OF WATER TO BE TAKEN BY VENDEE. — When a water company agrees to furnish water from its ditch to irrigate the lands of one to whom a water right is sold, and agrees to construct a box or gate at the most convenient point thereon through which to pass the water into a ditch to be constructed by the vendee as provided in the contract, the grantee of the vendee cannot escape the enforcement of a lien upon the land for the price of the water by failing to construct the ditch, and the water company is entitled to recover for the water from the time it was prepared to furnish it at the box or gate constructed by it.

ID. — EVIDENCE — NEGLIGENT CONSTRUCTION OF DITCH — PLEADING. — In an action for the price of water furnished, if it appears that the water sold was supplied at the place agreed upon, an offer of defendant to show that the plaintiff's ditch was so negligently and unskillfully constructed as to be an injury to plaintiff's land, and as to amount to a failure to perform its part of the contract, may be properly rejected as immaterial, the only material inquiry being whether the amount of water sold was supplied at the place agreed upon. Such evidence would also be irrelevant in the absence of a pleading under which it was proper.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Wharton & Short,* for Appellant.

A covenant runs with the land only when it is contained in a conveyance of the same land. (1 Smith's Lead. Cas. 172, 178, 226, 228; Wood on Landlord and Tenant, 501, note 1; Civ. Code, secs. 1461–1464; Code Civ. Proc., sec. 1689.) The agreement was only intended to create a covenant running with the land, and not to create a lien. The words "bind the land" do not give a lien, and were not so intended. The proof of an instrument not acknowledged or recorded was a material variance; and the admission of the official record, without first showing the loss of the original, was erroneous. (Code Civ. Proc., secs. 1855, 1951; *Brown* v. *Griffith,* 70

Cal. 14–16.) The nonsuit should have been granted, the water never having been used on the land. The offer by defendant of proof of negligent construction of the ditch, amounting to a failure of plaintiff to perform the contract on his part, and depriving defendant of the beneficial use of the water, was erroneously refused.

*George E. Church*, for Respondent.

Plaintiff has an equitable lien upon the land to secure the annual payment sued for which will charge a purchaser with notice. (*Barron* v. *Richard*, 8 Paige, 351; *Trustees* v. *Lynch*, 70 N. Y. 440; 26 Am. Rep. 615; *Brower* v. *Jones*, 23 Barb. 153; Pomeroy's Eq. Jur., sec. 1235.) The record of the contract was only offered to prove itself as a record, the duplicate contract having been proved as an original writing. Plaintiff's evidence proved his case. A nonsuit is properly allowable only when there is no evidence to support a material issue. (*Stoddart* v. *Van Dyke*, 12 Cal. 438.) The defendant, having been supplied with all the water contracted for at the place agreed, cannot object by way of defense, counterclaim, or cross-complaint, that he has been supplied with too much water. (*Stoddard* v. *Treadwell*, 26 Cal. 305.)

WORKS, J.—The respondent, the plaintiff in the court below, being a corporation engaged in diverting and supplying water for irrigation, entered into a contract with one Roeding, who was then the owner of a certain tract of land, by which the respondent sold to said Roeding, for the sum of twelve hundred dollars, a water right for said real estate, and in and by said contract "grants, bargains, sells, and conveys to the party of the second part, from the main canal of the party of the first part, or from a branch thereof, all the water that may be required, not exceeding at any time four cubic feet per second, for the purpose of irrigating said lands"; and

agreed to place a suitable box or gate in the bank of its main canal, or a branch thereof, at the most convenient point for the conveyance of the water to said land. And the party of the second part, said Roeding, agreed to construct a ditch from said box or gate to said land at his own risk, cost, and expense, and that the ditch so constructed should be a branch ditch of said company, and under its control. The contract contained the following further convenants, material to the question presented on this appeal: "It is understood and agreed that the water to be furnished under this agreement is intended to form a part of the appurtenances to said section of land, and the right thereto shall be transferable only with and run with said land, and that the party of the first part is bound by this instrument to all subsequent owners of said land, but to no other person. The party of the second part, for himself, his heirs, and assigns, covenants and agrees that he and his successors in interest and estate in said land will pay annually to the party of the first part, at their office, in gold coin of the United States, on the first Monday in September of each year, after the water shall first be brought to the said land, until the year 1920, and during the existence of said corporation, the sum of four hundred dollars, and in case of default of such payment in any one year for the space of thirty days after it shall become due, this agreement shall terminate and become thenceforth null and void and of no effect, at the option of the party of the first part, their successors, and assigns. . . . . It is covenanted that this agreement and the covenants therein contained, on the part of the party of the second part, run with and bind the land." The contract was to run and be in force from the eighth day of December, 1881, until the sixteenth day of February, 1921, and during the existence of said corporation. Roeding sold and conveyed the lands described in the agreement to the appellant. This action was brought against the appellant, alleging

the making of the contract, and that the respondent had complied with the terms and conditions thereof; that the land had been conveyed to the appellant; that the contract was duly acknowledged and recorded before his purchase of the property, and that certain installments of the amount agreed to be paid by Roeding had become due and were unpaid. There was a demurrer to the complaint, on the ground that the same did not state facts sufficient to constitute a cause of action, which was overruled. The defendant answered, denying the material allegations of the complaint, and by way of cross-complaint set up that the ditch of the plaintiff had been so negligently and improperly constructed as to cause the overflow of the defendant's lands, by which he had been damaged in the sum of one thousand dollars. A demurrer to the cross-complaint was sustained. The cause was tried by the court, and findings made in favor of the plaintiff, and a personal judgment rendered against the defendant, and also a decree enforcing a lien for the amount due, and ordering the sale of the property for its satisfaction.

The appellant contends that the complaint was insufficient, and that the demurrer thereto should have been sustained, on the ground that the contract sued upon created no lien upon the land, and was not personally binding upon the purchasers from Roeding. This is placed on the ground that at common law and under the provisions of the code of this state a covenant cannot be made to run with the land, except where such covenant is made in connection with and as a part of the conveyance or transfer of the land itself, and that the clause in the contract attempting to extend the liability beyond the person contracting was nothing more than an attempt to create and enforce a covenant running with the land. We are inclined to the opinion that counsel are right,—that this was not such a covenant as would run with the land. (Civ. Code, secs. 1460–1466;

*Cole* v. *Hughes,* 54 N. Y. 444; 13 Am. Rep. 611; *Bloch* v. *Isham,* 28 Ind. 37; 92 Am. Dec. 287; *Scott* v. *McMillan,* 76 N. Y. 144.) But there is something more in the contract than the attempt to extend the liability to subsequent purchasers or assignees of the party contracting. There is an express agreement that it shall bind the land itself; therefore, it does not depend upon the question whether a covenant on the part of the then owner of the property would run with the land or not. The question is, whether the provision in the contract was such as to create a lien upon the land. We think it perfectly clear from the language used that this was the intention of the parties. It was provided that the right to the water to be furnished by the respondent should be and become appurtenant to the land, and this was followed by an express agreement that the contract to pay the money therefor should bind the land. This, we think, created a lien upon the land, and as the complaint alleges that the contract was acknowledged and recorded, it was notice to the appellant of the existence of such lien. Under such a covenant the land is liable in the hands of a subsequent purchaser. (*Scott* v. *McMillan,* 76 N. Y. 144.) But it does not follow that by reason of such covenant in the contract, and the subsequent purchase by the appellant, he became personally liable for the payment of the amount to become due, although the contract inured to his benefit so long as he continued to be the owner of the land; and so far as the judgment is personal against him, it is erroneous. He purchased and held the real estate subject to the lien, but did not become personally liable to pay the debt. We think for these reasons that the demurrer to the complaint was properly overruled, as it stated a cause of action for the foreclosure of the lien.

At the trial the plaintiff offered in evidence a contract shown to have been signed by Roeding, similar to, if not the same as, the one sued upon in the action, except that it was not acknowledged; and there was evidence in

connection with its offer that it was the custom of the respondent to take these contracts in duplicate. The contract was objected to by the defendant, on the ground that it was not the one sued upon, and it was alleged to have been duly acknowledged, and the acknowledgment was set out in full in the complaint. The court overruled the objection, and the contract was read in evidence. The plaintiff then offered in evidence the record of the same contract, with the acknowledgment added, as recorded in the recorder's office. To this the defendant objected, on the ground that the record was incompetent. The court also overruled this objection, and allowed the record of the contract to be read. Conceding that the contract read in evidence was the same, except the acknowledgment, as the one sued upon, and was a duplicate thereof, it failed to prove sufficient to charge the land in the hands of the defendant in this action, for the reason that he could only be held liable, or the lands charged in his hands, by proof of the acknowledgment and recording of the instrument, which was the only evidence of notice on his part at the time of his purchase of the existence of the lien upon the land. Therefore, if the admission of the record of the contract was erroneous, the plaintiff failed to make out his case in this respect. The admission of the record of the contract without proof of the loss of the original, or otherwise accounting for it, was error. (Code Civ. Proc., sec. 1951; *Brown* v. *Griffith*, 70 Cal. 14.) It is otherwise under the code as amended. (Stats. 1889, p. 45.)

There was a motion for a nonsuit, which was denied. The appellant contends that the nonsuit should have been granted, for the reason that there was no evidence that the water had ever been brought to the lands of the defendant, or used by him. The solution of this question depends upon the construction to be given to the contract, which provided that the company should furnish the water from its main ditch, or a branch thereof,

and that it would put in a box or gate to be used in transferring the water to a ditch to be constructed by the defendant to conduct the water to his lands.   If the plaintiff could only recover upon the water being actually conducted to and upon the lands of the defendant, then the motion was well taken; but we think this should not be the construction of the contract.   When the company had complied with its agreement to bring water through its main ditch, and to construct a box or gate through which to pass the water into a ditch to be constructed by the defendant, as provided in the contract, it had done all that was necessary to be done on its part, and the defendant could not avoid a recovery by the failure on his part to construct the ditch agreed to be constructed by him.   The company was entitled to recover for the water from the time it was prepared to furnish it at the box or gate to be put in by it.

The defendant offered to prove that the plaintiff had so negligently and unskillfully constructed its ditch as to amount to a failure to perform its part of the contract, and so as to cause the destruction of defendant's land, instead of being a benefit to it; and that therefore plaintiff had not complied with its agreement, and that the defendant had been deprived of the beneficial use of the water in that way, and that therefore there was no consideration to defendant.   The court below refused to allow the proof, and, we think, properly.   If the defendant could have proved, or had offered to prove, that the water was not supplied at the place agreed upon, this would have been a good defense to the action; but it was entirely immaterial whether such failure was caused by the want of a sufficient ditch to carry the water, or the improper and negligent construction of the same, or from some other cause.   Plaintiff proved that the water was supplied at the place agreed upon, and this was the material question to be determined.   Besides, there was no pleading under which the offered evidence was proper.

There is the further contention that the plaintiff failed to construct a head-gate at the most convenient point for irrigating the land; but upon this question the evidence was conflicting, .and we cannot disturb the finding of the court. The personal judgment against the defendant for the amount claimed to be due was erroneous, but in other respects it was proper in form, and should be upheld, except for the errors committed at the trial, as above stated. Judgment and order reversed.

BEATTY, C. J., THORNTON, J., PATERSON, J., SHARP-STEIN, J., and FOX, J., concurred.

McFARLAND, J., concurring.—I concur in the judgment of reversal; but in my opinion the contract sued on is not one that can be enforced against the land in the hands of subsequent grantees. It is true that the contract is not strictly what is usually called a "covenant running with the land," but it is in the nature of such a covenant, and has practically the same consequences. In my opinion, therefore, it is within the meaning of sections 1460 et seq. of the Civil Code; and not having been made in a case, and in the manner contemplated by those sections, it is invalid, except as between the original contracting parties.