[L. A. No. 730.   Department One.—August 2, 1900.]

C. J. PERKINS, Appellant, v. WEST COAST LUMBER COM-
PANY, Respondent.

ATTORNEY AND CLIENT—ACTION FOR SERVICES—JUDGMENT UPON COUNTER-
    CLAIM FOR NEGLIGENCE—ADVICE NOT TO FILE LIEN—CONSTRUCTION
    OF FINDING.—In an action by an attorney for services rendered,
    where the defendant recovered judgment upon a counterclaim
    for damages for negligent advice, upon which issue was joined
    particularly as to whether the relation of attorney and client
    existed at the date of the alleged negligence, a finding, not
    assailed for want of evidence, that on or about that date the
    defendant sought and obtained of the plaintiff advice as to filing
    a lien for materials furnished to a contractor, and that plain-
    tiff advised the defendant not to file any lien, for the reason
    that the contractor was about to file one, should receive such
    a construction as will uphold the judgment, and, so construed,

sufficiently establishes *prima facie* that the relation of attorney and client then existed between the parties.

ID.—ATTORNEYSHIP FOR CONTRACTOR—RELATION NOT ADVERSE.—The fact that the plaintiff, at the time of the alleged negligence, was the attorney for the contractor, for whom he was about to file a lien against the owner of the property, does not establish an adverse relation which would preclude the relation of attorney and client between the plaintiff and the defendant in the matter of advice as to his right to file a lien against the same property for materials furnished to the contractor; and the defendant's knowledge respecting the attorneyship of plaintiff for the contractor is not material.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order refusing to vacate the judgment and to render judgment for plaintiff upon the findings. John L. Campbell, Judge.

The facts are stated in the opinion of the court.

Paris & Allison, and Rolfe & Rolfe, for Appellant.

F. W. Gregg, and Otis & Gregg, for Respondent.

GAROUTTE, J.—This action was brought to recover for services rendered as an attorney at law. Defendant filed a counterclaim and cross-demand, alleging damages accruing by reason of legal advice negligently given. The action has been before this court upon two previous occasions, but the point now raised by this appeal is presented for the first time. The cross-demand for damages set forth in defendant's answer was held to be established by the evidence, and judgment was rendered by the trial court in favor of defendant for costs.

It is now claimed upon the part of the plaintiff that neither the defendant's pleading, the answer of plaintiff thereto, nor the findings show, at the time the legal advice was given to defendant by plaintiff, the existence of the relation of attorney and client between them. In this regard the cross-complaint of defendant alleges: "That said plaintiff, acting as attorney at law and as adviser and counselor for the defendant in the premises, wrongfully and negligently disregarding his duties as such attorney at law, adviser, and counselor, advised the defendant, on or about the fifteenth day of May, 1888, not to file for record in the county recorder's office . . . . any claim of

lien," etc.   In his answer to this pleading the plaintiff says: "But plaintiff alleges that at no time prior to the fourth day of June, 1888, was this plaintiff attorney for, adviser, or counselor of the defendant, the West Coast Lumber Company, and that said plaintiff was not in the employ nor in any manner retained for said defendant, nor did said plaintiff ever receive from the said defendant any consideration whatever for any services of any kind or nature alleged to have been performed by said plaintiff for said defendant at any time prior to the fourth day of June, 1888." The evidence is not before us, but the finding of fact bearing upon this matter is as follows: "That on the seventeenth day of April, 1888, or a day or two prior to said seventeenth day of April, 1888, the defendant sought and obtained of the plaintiff advice in reference to filing a material lien against said Newman for the lumber defendant had furnished said Newman, as aforesaid. That said plaintiff advised the defendant not to file any lien, for the reason that said Newman was about to file a lien as an original contractor," etc.

Taking this allegation of the answer and the denial thereto, it fairly appears that an issue was made as to the relations existing between the parties at the time the advice was given. And a fair and reasonable construction of the finding of fact points to the same result. When a party seeking legal advice consults an attorney at law and secures that advice, the relation of attorney and client is established *prima facie*. We see no reason why the attorney, under such circumstances, could not recover for the value of his services, and, if that be the fact, certainly the relation of attorney and client is created. It is said in *Breeze v. Brooks*, 97 Cal. 77: "The findings of the trial court are to receive such a construction as will uphold rather than defeat its judgment thereon, and whenever from the facts found by it other facts may be inferred which will support the judgment, such inference will be deemed to have been made by the trial court, and upon an appeal from that judgment this court will not draw from those facts any inference of fact contrary to that which may have been drawn by the trial court for the purpose of rendering such judgment." (See, also, *Gould v. Eaton*, 111 Cal. 644.[1]) Upon the principle of law declared in

[1] 52 Am. St. Rep. 201.

these cases as to the presumptions to be entertained by this court looking toward the support of the judgment, we deem the finding sufficient to attain that end.

We do not see the soundness of the contention to the effect that plaintiff could not be defendant's attorney because at that time he was the attorney of Newman regarding the same subject matter of litigation. We do not see that Newman was a party necessarily adverse to defendant, even if that were material. Newman was the contractor, and defendant was seeking advice upon its rights as to filing a lien upon the building, the property of a third party, and even defendant's knowledge that plaintiff was Newman's attorney at these times does not appear to be material as defeating the creation of the relationship of attorney and client between plaintiff and defendant.

For the foregoing reasons the judgment and order are affirmed.

Harrison, J., and Van Dyke, J., concurred.