[S. F. No. 4372. In Bank.—December 3, 1907.]

FRESNO CANAL AND IRRIGATION COMPANY, Respondent, v. MARCUS HART et al., Appellants.

CONTRACT TO SUPPLY AND PAY FOR WATER—REFORMATION—EVIDENCE.— A written contract, purporting on its face to obligate the defendant to pay for water whether he actually used it or not, may, under an appropriate answer and evidence, be reformed so that its legal effect will be only to obligate the defendant to make payments after the water was actually placed upon his land. In the present case, the evidence of the actual contract made by the parties is conclusive that the defendant was not to pay for the water until it was placed upon his land.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

J. C. Bates, and William Ede, for Appellants.

Frank H. Short, and F. E. Cook, for Respondent.

HENSHAW, J.—This was an action to recover certain annual payments alleged to be due under a contract made between plaintiff and defendant (whereby plaintiff agreed to furnish water for use upon defendant's land), and to foreclose the lien upon this land in accordance with the terms of the contract. Defendant pleaded non-execution of the contract, and further pleaded its incompleteness, and prayed for its reformation. The contract declared as follows:—

"The party of the second part, for himself, his heirs and assigns, covenants and agrees that he and his successors in interest and estate in said land will pay annually to the party of the first part, at their office, in gold coin of the United States, on the first Monday in September of each year, until the year 1920, and during the existence of said corporation, the sum of one hundred dollars ($100.00), the first payment to be made................................ and this instrument shall be deemed equivalent to notice. . . ."

The reformation for which defendant contends was that it was mutually understood and agreed that the blank space should be filled by inserting the words, "after the said party of the second part should require and use water in the irrigation of said lands," or words of similar import.

Upon the trial the court found against the defendant's contention, and gave judgment for plaintiff, from which defendant appeals. Most of the propositions advanced upon the appeal must be taken as conclusively answered by the cases of *Fresno Canal and Irrigation Company* v. *Rowell,* 80 Cal. 116, [13 Am. St. Rep. 112, 22 Pac. 53] ; *Fresno Canal and Irrigation Company* v. *Dunbar,* 80 Cal. 530, [22 Pac. 275] ; and *Fresno Canal and Irrigation Company* v. *Park,* 129 Cal. 427, [62 Pac. 87].

The contracts under consideration in the foregoing cases were in all important particulars identical with that in the case at bar, and the propositions advanced were, after elaborate discussion, decided in those cases against the contention of appellant here.

As to the argument by appellant that the contract was never executed, by which it is meant that it was never delivered, defendant's own testimony is destructive of the con-

tention. Upon the trial he states that he does claim water-rights from the plaintiff, under and by virtue of the contract in suit. He could not claim any rights under such contract unless it were, in fact, executed, of which execution delivery is, of course, an essential. What, in fact, appellant means is that he did not execute the contract with the construction upon it contended for by respondent,—namely, that he was to pay for water each year from the date of the contract, whether or not he actually used the water; that the contract which he actually entered into was a contract for annual payments for the water after it was delivered to his land; and that if the contract in suit does not carry this meaning it should be reformed so as to do so.

The court admitted evidence upon this matter, and the evidence, without conflict, made wholly for defendant's contention in this regard. The testimony consists of the deposition of Mr. Minor, who was the secretary of Dr. Perrin, the then president of the plaintiff company, who testifies that the president of the company stated that the rental was not to be paid until the water was placed upon the land, and that the blank was left to be filled in at such time as the water was placed upon the land. Robert Perrin was a resident director of plaintiff's company, and testifies to the same effect, that such was the express understanding between the defendant and Dr. Perrin, president of the company, saying: "Dr. Perrin, as president of the company, assured Mr. Hart that he would not be required to make any annual payments under the rights until he actually used water on his land, and the blanks in the water-rights would be filled in to that effect. They both admitted in my presence that it was the original agreement." The defendant Hart's testimony is in accord with that of the other witnesses.

Notwithstanding this undisputed testimony, the court's finding was against the defendant upon this proposition, and in this particular it fell into error. The contract itself showed an omission of some term. Defendant's pleading was appropriate for the supplying of that omission, and the evidence upon the subject was all one way. The question presented is whether the defendant was entitled to reformation under his answer and evidence, or whether, without reformation, the ambiguity caused by the omission might be proved and sup-

plied by parol.   As to this we entertain no doubt that it could be done.   The proposition, then, to be determined is not, as is so elaborately argued, whether payments could be enforced if the water was not used.   This proposition is completely answered in *Fresno Canal and Irrigation Company* v. *Rowell,* 80 Cal. 116, [13 Am. St. Rep. 112, 22 Pac. 53], where it is said: ''The fact that the defendant did not use the water if the plaintiff complied with the contract, and this was found to be the fact, is immaterial.   The land was then bound whether the water was used or not.''   But the question here is, as to when payments were to commence; for while it was competent for the parties to contract that payments should begin when plaintiff had complied with the terms of its contract and was ready to furnish the water, it was equally competent for them to contract that payments should begin only when the water was actually used upon the land.

The judgment and order appealed from are therefore reversed and the cause remanded.

McFarland, J., Lorigan, J., Shaw, J., and Angellotti, J., concurred.