(July 13, 1917.)

ED. GRIFFITH, Plaintiff, v. WM. OWENS, WM. HIGLEY and J. T. METHERD, Trustees of School District No. 24, Cassia County, Idaho, Defendants.

[166 Pac. 922.]

SCHOOL DISTRICTS—BOND ELECTIONS—CONSTITUTIONAL LAW.

    1. Chap. 47, Sess. Laws, 1917, p. 106, prescribing qualifications of voters at bond elections in school districts, is unconstitutional and void because it purports to qualify to vote those who belong to classes prohibited and disqualified from voting by sec. 3, art. 6, of the constitution.

    2. When possible, statutes should be construed with a view to their being held constitutional and valid, but where they are so plain they admit of no construction other than their bare reading suggests, no other interpretation is possibile.

    [As to when statutes will be declared void as conflicting with the constitution, see note in 48 Am. Dec. 269.]

PETITION for writ of prohibition. Writ granted.

Richard M. Price and William Healy, for Petitioners.

"If a statute is plain, certain and unambiguous, so that no doubt arises from its own terms as to its scope and meaning, a bare reading suffices; then interpretation is needless." (Sutherland on Statutory Construction, secs. 234, 235; Powell v. Spackman, 7 Ida. 692, 65 Pac. 503, 54 L. R. A. 378.)

None of the constitutional provisions can be repealed by legislative enactment. (Knight v. Trigg, 16 Ida. 256, 100 Pac.

1060; *Gillesby v. Board of County Commrs.*, 17 Ida. 586, 107 Pac. 71; *Pioneer Irr. Dist. v. Walker*, 20 Ida. 605, 119 Pac. 304; *Ferbrache v. Drainage Dist. No. 5*, 23 Ida. 85, Ann. Cas. 1915C, 43, 128 Pac. 553, 44 L. R. A., N. S., 538.)

T. A. Walters, Atty. Gen., and J. P. Pope, Asst. Atty. Gen., for Defendants.

Before a legislative act will be held unconstitutional, it must appear beyond a reasonable doubt that it infringes some provision of the constitution. (*Noble v. Bragaw*, 12 Ida. 265, 85 Pac. 903; *Gillesby v. Board of Commrs.*, 17 Ida. 586, 107 Pac. 71.)

When a statute can be reasonably construed and applied in a manner to avoid conflict with the constitution, such construction will be adopted by the courts. (*Grice v. Clearwater Timber Co.*, 20 Ida. 70, 117 Pac. 12; *Continental Life Ins. etc. Co. v. Hattabaugh*, 21 Ida. 285, 121 Pac. 81.)

And it is the duty of the court to give both the statute and the constitution such construction as will give effect to both, unless the statute is so clearly repugnant to the constitution as to admit of no other reasonable construction. (*Doan v. Board of Commrs.*, 3 Ida. 38, 26 Pac. 167; *People v. George*, 3 Ida. 72, 26 Pac. 983.)

A statute will not be held unconstitutional merely because the language used may extend to persons not contemplated by the constitution. (*In re Gale*, 14 Ida. 761, 95 Pac. 679.)

MORGAN, J.—The facts involved in this action are not disputed. The defendants are trustees of school district No. 24, Cassia county. They adopted a resolution to submit to the voters of the district the question of whether or not bonds in the amount of $3,500 should be issued. An election was held resulting in twenty votes being cast in favor of, and seven against, issuing the bonds. Subsequently the board of trustees passed a resolution declaring the result of the election and authorizing the issuance of the bonds. At the election certain persons voted who possessed the qualifications to vote prescribed by chap. 47, Sess. Laws 1917, p. 106, but who were

not qualified under the provisions of sec. 76, chap. 159, Sess. Laws 1911, p. 515, as amended by chap. 160, Sess. Laws 1913, p. 529, in that they were not resident freeholders in the district. A number of such persons not qualified, according to the law last mentioned, sufficient to change the result of the election, were permitted to vote and voted in favor of the issuance of the bonds. The constitutionality of the 1917 act is questioned. It is as follows:

"Sec. 1. That at any and all school elections including bond elections, held after the passage and approval of this Act, the following persons, and no others, shall be entitled to vote: All persons over the age of twenty-one (21) years who have resided in the district where they offer to vote at least thirty (30) days immediately preceding the election and who are:

"(1) Freeholders, including both husband and wife when the freehold is community property; or,

"(2) Parents having children under twenty-one (21) years of age.

"Sec. 2. That all Acts and parts of Acts in conflict with this Act be, and the same hereby are, repealed to the extent of such conflict."

Sec. 2., art. 6, of the constitution provides:

"Except as in this article otherwise provided, every male or female citizen of the United States, twenty-one years old, who has actually resided in this State or Territory for six months, and in the county, where he or she offers to vote, thirty days next preceding the day of election, if registered as provided by law, is a qualified elector; . . . . "

Sec. 3 of that article prohibits certain persons from voting, among them being those who are under guardianship, idiotic or insane, or who have been convicted of infamous crimes, named therein, unless they have been restored to the rights of citizenship, and sec. 4 is as follows:

"The legislature may prescribe qualifications, limitations and conditions for the right of suffrage, additional to those prescribed in this article, but shall never annul any of the provisions in this article contained."

The 1917 act differs from the law of 1911, as amended, in this important particular: It purports to permit those who are not freeholders but who have children under twenty-one years of age to vote, regardless of any constitutional requirement, except that the voter must be over the age of twenty-one years and have resided in the district where he offers to vote at least thirty days immediately preceding the election.

The 1917 act is in conflict with the constitutional provisions above quoted, in that by its terms citizenship of the United States and six months' residence in the state are not necessary qualifications, and an insane person, one convicted of treason, or any of the other crimes mentioned in the constitution, might vote. Therefore, because it purports to qualify as electors those who belong to classes prohibited and disqualified by the constitution from voting, it is void and the 1911 Session Law, as amended, *supra,* is still in full force and effect.

It is true acts of the legislature should be construed, if possible, with a view to their being held constitutional, but the 1917 act reciting, as it does, that "the following persons, and no others, shall be entitled to vote," and then proceeding to set forth the requisite qualifications, is so plain, that it admits of no construction other than its bare reading suggests, and any other interpretation is impossible. (Sutherland on Statutory Construction, sec. 234; *Weiser Nat. Bank v. Washington Co., ante,* p. 332, 164 Pac. 1014.)

A sufficient number of persons having voted in favor of the issuance of the bonds who were not qualified to do so under the law, to change the result, the election is void, and the writ of prohibition will issue as prayed for in the complaint. Costs are awarded to plaintiff.

Budge, C. J., and Rice, J., concur.