(March 31, 1923.)

ABERDEEN-SPRINGFIELD CANAL COMPANY, a Corporation, Appellant, v. L. M. BASHOR et al., Respondents.

[214 Pac. 209.]

CAREY ACT CONTRACT—LEVY OF ASSESSMENTS.

Carey Act contract and section 1, chapter 120, Sess. Laws 1913, page 464, considered and *held* that under this contract and statute appellant had the right to levy an assessment against respondent's land only when water was requested and in fact delivered.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. James G. Gwinn, Judge.

Action to levy assessments for maintenance of Carey Act company. Judgment for defendant. *Affirmed.*

Peterson & Coffin, for Appellant, cite no authorities.

Otto E. McCutcheon, for Respondents.

The act of 1913 and the amended act of 1919 are unconstitutional and void as to the respondent, because they violate the obligations of her contract with the predecessor in interest of the appellant. The contract upon which she relies having been dated August 1, 1909, no subsequent act can deprive her of the benefits secured under the contract. (Art. 1, sec. 10, Federal Constitution; art. 1, sec. 16, Constitution of Idaho; *Edwards v. Kearzey,* 96 U. S. 595, 24 L. ed. 793; *Bronson v. Kinzie,* 42 U. S. 311, 11 L. ed. 143; *Louisiana v. New Orleans,* 102 U. S. 203, 26 L. ed. 132; *Murray v. Charleston,* 96 U. S. 432, 24 L. ed. 760; *King ·v. Dedham Bank,* 15 Mass. 447, 8 Am. Dec. 112; *Miller v. Dennett,* 6 N. H. 109; 3 Elliott on Contracts, sec. 2730, p. 917; *Walker v. Whitehead,* 83 U. S. 314, 21 L. ed. 357.)

The original contract having provided under what circumstances charges might be made, and also having provided a

remedy for the enforcement of the charges, the appellant must rely wholly upon the contract and not upon the statute. (*Payette-Boise Water Users v. Fairchild*, 35 Ida. 97, 205 Pac. 258.)

GIVENS, District Judge.—In 1901, the American Falls Canal & Power Company entered into a contract with the state of Idaho for the segregation and reclamation of certain lands in Bingham and Blaine counties, now Bingham and Power counties, and proceeded to construct the necessary irrigation works. October 20, 1910, respondent Mayme L. Boehner, made a desert land entry upon the S. ½ of the S. W. ¼ of Sec. 7, Tp. 4 S., R. 32 E., B. M. and received patent May 16, 1912. This desert entry was susceptible of irrigation from, but was not part of, the Carey Act segregation above referred to. A year prior to the submission of her final proof respondent made a contract with the said American Falls Canal & Power Company for the purchase of a water right for the irrigation of her desert entry.

In 1910, the people holding water contracts or deeds from the American Falls Canal & Power Company organized the Aberdeen-Springfield Canal Company, incorporated as an operating company.

Thereafter, in 1916, appellant, the operating company, levied an assessment for the maintenance and operation of said system upon and against respondent's land and filed a lien for said assessment upon respondent's land, and in the action herein appellant sought to foreclose said lien. Appellant admits that respondent's land was not included in the Carey Act segregation, and that no water has been used on the land since 1911, and that respondent has not requested any water since May, 1913. And while it is not clear whether respondent received any stock from, or participated in, the management of the operating company, appellant herein, in the absence of the terms of any agreement made between appellant and respondent being of record, the rights of the parties must be determined by the statute of 1913,

or considering appellant as a successor in interest to the construction company by the terms of the original contract.

Respondent, by way of defense and cross-complaint, urges that appellant had no right to a lien to enforce said assessment, upon the ground that the contract originally entered into provided that "no charge shall be made for any water unless delivered at the request of the purchaser," and further because of the act of 1913, Sess. Laws, 1913, chap. 120, page 464, authorizing operating companies to collect charges from the class of property owners to which respondent belongs and who did not receive their lands as part of the Carey Act segregation, only when water was in fact delivered to and used by such property holders.

Appellant demurred to respondent's answer and cross-complaint. The demurrer was overruled, and upon appellant's refusing to plead further judgment was entered in favor of respondent, and appellant appeals from this judgment.

Respondent contends that if the act of 1913 is to supersede the terms of the contract originally made between respondent and the American Falls Canal & Power Company, such act would be unconstitutional as violating the obligations of such contract. The law authorizing operating companies was not passed until 1913. The contract between respondent and the American Falls Canal & Power Company was executed and delivered August 1, 1909, and it is apparent from the terms and provisions of this contract, referred to as Exhibit "A," that the construction company contemplated the operation and maintenance of said canal system, since annual charges were authorized therein in paragraph 3, and a limit was placed upon the amount which the company could charge for the delivery of water.

If the assessments were levied under the contract, appellant's contention cannot be sustained because it is conceded that the respondent made no request for any water since May, 1913, and the contract authorizes charges only where water was requested. (*South Side Irr. Co. v. Brooks*, 102

Neb. 57, 165 N. W. 467; *Idaho Irr. Co., Ltd., v. Pew,* 26 Ida. 272, 141 Pac. 1099.)

"While parties to an irrigation contract could agree that payment should begin when the irrigation company had complied with its contract and was ready to furnish water, it was equally competent for them to agree that payments should begin only when water was actually used." (*Fresno Canal & Irr. Co. v. Hart et al.,* 152 Cal. 450, 92 Pac. 1010.)

If it is contended that the assessment was levied under the 1913 statute, it cannot be sustained because respondent's land was not Carey Act land and no water has been used upon the land since 1911, and the statute of 1913 provides that operating companies ". . . . shall have the right to levy and collect from the holders or owners of all land to which the water and water rights belonging to or diverted by said irrigation works is dedicated or appurtenant, regardless of whether water is used by such owner or holder, or on or for his land, and also from the holders or owners of all other land upon which water is used from said irrigation works, reasonable tolls, assessments, and charges for the purpose of maintaining and operating such irrigation works and conducting the business of such company, corporation or association and meeting the obligations thereof, which tolls, assessments and charges shall be equally and ratably levied and may be based upon the number of shares or water rights held or owned by the owner of such land as appurtenant thereto or may be based upon the amount of water used; . . . . "

Respondent's land is in the class mentioned in the last two clauses, and if appellant could assess respondent on the basis of water rights, irrespective of whether water was used, the statute would operate to violate the original contract, which would be unconstitutional. (*Boise City Irr. & Land Co. v. Turner,* 176 Fed. 373.)

"The obligation of a contract is impaired by a statute which alters its terms, by imposing new conditions or dispensing with existing conditions, or which adds new

duties or releases or lessens any part of the contractual obligation or substantially defeats its ends.

"The inhibitions of the state and federal constitutions with regard to impairing the obligations of contracts extend to contracts made by a state or municipal corporation." (*Fidelity State Bk. v. North Fork H. Dist.,* 35 Ida. 797, 209 Pac. 448.)

Whenever two constructions of a statute are possible, and one construction would be constitutional and the other unconstitutional, the constitutional construction will be adopted. (*Lawrence v. Defenbach,* 23 Ida. 78, 128 Pac. 81; *Bellevue State Bank v. Lilya,* 35 Ida. 270, 205 Pac. 893; *Griffith v. Owens,* 30 Ida. 647, 166 Pac. 922.) The construction company when it made the original contract with respondent is presumed to have contracted advisedly and with the understanding of the facts and circumstances bearing upon the operation and carrying into effect the contract, and since this contract limits the assessments, to give the statute a broader scope would violate the obligations of the contract. (*Animas Consol. Ditch Co. v. Smallwood,* 22 Colo. App. 476, 125 Pac. 594.)

Under this contract and the statute the appellant had the right to levy an assessment against the lands of respondent only when water was requested or in fact delivered.

The judgment of the lower court is affirmed. Costs are awarded to respondent.

Budge, C. J., and McCarthy, Dunn and Wm. E. Lee, JJ., concur.