[No. 4,154.]

## ESTATE OF McKINLEY.

PROBATE PRACTICE—APPEALABLE ORDER.—An order of the Probate Court dismissing a petition to have an administrator show cause why a claim that has been allowed shall not be paid is an appealable order within the meaning of the Code of Civil Procedure, section 969, subd. 7.

ATTACK UPON AN APPROVED CLAIM.—Where an attorney at law had presented a claim against an estate for fees for professional services rendered the decedent in his life-time, and the claim has been approved and allowed by the administrator and the Probate Judge: *Held*, that it could not be subsequently attacked by the administrator on the ground that the services were rendered under an agreement for contingent fees only, or that the services were not worth the amount charged and allowed.

FACTS OUTSIDE THE ISSUES NOT PRESUMED TO HAVE BEEN FOUND.—Where the objections made in opposition to the payment of a claim that has been allowed against an estate are insufficient in themselves, and the evidence taken at the trial is not presented in the record, it will not be presumed by the Supreme Court, even in the absence of the evidence, that the Court below found some other fact not relied upon in the pleadings, but which if it had been pleaded would have justified the judgment of that Court.

APPEAL from the Probate Court of the City and County of San Francisco.

In January, 1872, R. F. Ryan, an attorney at law, presented a claim to James McKinley, administrator of the estate of Finley McKinley, for fees for professional services alleged to have been rendered the deceased in his life-time. The claim consisted of several items for conducting different suits, searching records, etc., amounting altogether to $1,225. It was approved and allowed by the administrator January 23, 1872, and by the Probate Judge on the 29th of the same month. August 5, 1873, Ryan presented a petition to the Probate Court, asking that an order be made requiring the administrator to appear and show cause why the claim should not be paid. The order was accordingly made, and on the 20th of September, 1873, James McKinley filed a specification of objections to the claim. The document was signed by his attorneys as "attorneys for administrator," but began thus: "Specification of objections by James McKinley, only heir-at-law of said deceased, to

the claim of R. F. Ryan against the said estate heretofore allowed," etc. The objections alleged were that the services had been rendered under a special agreement on the part of Ryan to receive as the only compensation for the services to be rendered by him a part of what might be realized as the fruits of his services; that in fact nothing had been so realized; and that if the services were reasonably worth anything at all they were not worth so much as had been charged and allowed, but much smaller sums.

To these objections the petitioner demurred that it did not appear therein that there was any fraud, error or wrong in the allowance of the claim which could be the subject of review; and that the Court had no jurisdiction of the subject-matter, the claim having been allowed and approved both by the administrator and the Court more than a year before the objections had been filed, and that no opposition having been made to it until after the application for the order to have the claim paid.

The Court overruled the demurrer, and after hearing the testimony of the petitioner, dismissed the petition. The record did not present the testimony, nor state the substance of it.

The petitioner appealed from the order of the Court dismissing the petition.

*M. G. Cobb*, for Respondent, raised the preliminary objection that the appeal could not be considered because the order appealed from was not an appealable order within the meaning of section 969 of the Code of Civil Procedure.

*L. T. Carr*, for Appellant, in reply cited subdivision 7 of that section, and contended that the appeal was one taken from an order refusing the payment of a debt or claim against the estate.

The Court held the order dismissing the petition to be appealable within the meaning of section 969, subdivision

7, and directed the argument to proceed upon the merits of the case.

*Mr. Carr*—The Court erred in dismissing the petition and refusing to order the payment of the claim. Section 1647 of the Code of Civil Procedure confers upon the Court the authority to make the order asked for. The claim having been properly allowed by the administrator and the Probate Judge, it could not be attacked in the Probate Court, or in any other Court, except on the ground of fraud, mistake or wrong, which must be distinctly alleged and proved. (*Estate of Hidden,* 23 Cal. 364; *Estate of Schroeder,* 46 Cal. 315; *Thayer* v. *Clark,* 48 Barb. 243; *Pitner* v. *Flanagan,* 17 Texas, 7; *Pico* v. *de la Guerra,* 18 Cal. 422.)

The specification of objections to the claim does not allege any ground for refusing payment of the claim.

*Mr. Cobb*—The petition was dismissed after hearing testimony, and the record does not bring up the testimony nor state even the purport of it. It may be that the testimony showed that the claim had been paid in full; and, that being so, the Court would have been right in dismissing the petition. I rely upon the point that the order having been based upon evidence which is not presented in the record, this Court will not review the proceedings of the Probate Court, but will indulge the presumption that the judgment is supported by the evidence.

Chief Justice Wallace, speaking for the Court, said:

This is an appeal by the petitioner from an order dismissing his petition for the payment of a claim that had been allowed and approved. The claim so allowed had the force and effect of a judgment. The action of the Court in allowing the claim has not been questioned by appeal, but the respondent opposes the payment of the claim, not on the ground of fraud or mistake, but because—as the specification of objections alleges—the services of the petitioner were not worth the amount charged by him and allowed by the administrator (the respondent here) and by the Probate Judge. We are of the opinion that that is not a sufficient ground for refusing to order the payment of the claim.

The absence of the testimony from the record is immaterial, for the reason that under the allegations in the pleadings it could not possibly aid the respondent. The objections to the payment of the claim, as set forth by the administrator in pleading, being insufficient in themselves, it cannot be intended, even in the absence of the evidence that the Court below found some other fact not relied upon in the pleading, but which if it had been pleaded, would have justified the judgment of that Court.

Order reversed and cause remanded.