## JOHN F. COLBURN *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY.

### No. 1227.

SUGGESTION OF DEATH OF PLAINTIFF AND MOTION BY HIS EXECUTORS FOR SUBSTITUTION.

ARGUED MAY 15, 1920.                    DECIDED MAY 20, 1920.

COKE, C. J., KEMP, J., AND CIRCUIT JUDGE BANKS IN PLACE OF EDINGS, J., ABSENT.

PARTIES—*substitution of personal representative for deceased plaintiff.*
    When the plaintiff recovers judgment below and the case is pending in this court on appeal and plaintiff dies, upon the suggestion of his death by his personal representative said personal representative will be substituted for the deceased plaintiff.

OPINION OF THE COURT BY KEMP, J.

This case is brought to this court on a bill of exceptions by the defendant United States Fidelity and Guaranty Company, a corporation, after judgment in favor of the plaintiff John F. Colburn and against the said defendant. The judgment in favor of the plaintiff is for damages sustained by reason of accidental injuries suffered by him and covered, as is claimed, by an accident insurance policy issued by the defendant company. The bill of exceptions was approved by the circuit judge on September 29, 1919, and the record filed in this court on October 16, 1919. On May 11, 1920, John F. Colburn III and Richard H. Trent, the executors under the last will and testament of John F. Colburn, deceased, filed in this court a suggestion of the death of the plaintiff-appellee and requested an order substituting themselves in his place and stead. The affidavit attached to the motion shows that the plaintiff-appellee died March 16, 1920, and that they (the movants) were on May 3, 1920, appointed executors of his estate under his last will and testament which was duly admitted to probate in the circuit court of the first judicial circuit on May 3, 1920. Section 2628 R. L. 1915 provides: "In case of the death of a sole plaintiff or sole surviving plaintiff, the legal representative of such plaintiff may, by leave of the court or judge, enter a suggestion of the death and that he is such legal representative, and the action shall thereupon proceed; and if such suggestion be made before the trial, the truth of the suggestion shall be tried thereat, together with the title of the deceased plaintiff; and such judgment shall follow upon the verdict in favor of or against the person making such suggestion as if such person were originally the plaintiff." Section 2630 R. L. 1915 is in part as follows: "The death of either party between the verdict and the judgment shall not hereafter

be alleged for error, if judgment be entered during the term in which such verdict was rendered, and if the plaintiff in any action happen to die after an interlocutory judgment and before a final judgment obtained therein, the said action shall not abate by reason thereof, if such action might be originally prosecuted or maintained by the executor or administrator of such plaintiff."

The statute makes no provision for procedure where a case has proceeded to final judgment and has been removed to this court upon appeal but it seems clear to us that in such a case where the plaintiff dies after the case is entered in this court the personal representative of the deceased plaintiff (or his heirs where they instead of the personal representative would succeed to his rights) should be permitted to appear in his stead. As a precedent for this holding we cite *Coughlin* v. *District of Columbia,* 106 U. S. 7, which was originally before that court as *Dant* v. *District of Columbia,* and reported in 91 U. S. 557, in which judgment below was in favor of the defendant and plaintiff brought the case to the United States Supreme Court on writ of error. After the case was entered in the Supreme Court the plaintiff died and the action was prosecuted by his administrator and his name substituted for that of the original plaintiff.

The motion should we think be granted and it is so ordered.

*R. J. O'Brien* for movants.

*W. B. Lymer* for defendant.