[Civ. No. 4494. Second Appellate District, Division One.—September 28, 1926.]

LOLA K. McGEE, Executrix, etc., Appellant, v. S. JONES, Respondent.

[1] STATUTE OF LIMITATIONS — PROMISSORY NOTES — WAIVER—TIME— CONSTRUCTION.—Under a renewal of a promissory note which declares that "I hereby renew the within note and agree to pay one year from date with interest at eight per cent, and waive the statute of limitations," the waiver of the statute of limitations is continuous, as it is not limited to a specified time.

(1) 37 C. J., p. 723, n. 49.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Reversed.

The facts are stated in the opinion of the court.

Carl W. Faucett and William M. Rex for Appellant.

D. Z. Gardner for Respondent.

CONREY, P. J.—Defendant executed in favor of the decedent, Anna K. Jones, his promissory note, which fell due on the ninth day of June, 1910. On such a note the statute of limitations is such that the right of action expires at the end of four years from the date of maturity. It was alleged in the complaint (second amended complaint) that in consideration of the forbearance of the plaintiff's testator to sue upon said note, and a change in the rate of interest thereon and other valuable consideration, the defendant, on April 28, 1914, renewed the same in the following language: "I hereby renew the within note and agree to pay same one year after date and waive the statute of limitations on said note. Interest from June 9, 1914, to be seven per cent per annum." It was further alleged that on April 29, 1916, upon like consideration, the defendant executed a second renewal as follows: "I hereby renew the within note and

─────────────────────────────

1. See 16 **Cal. Jur.** 570 and Supplement.

agree to pay one year from date with interest at eight per cent, and waive the statute of limitations.''

The court sustained a demurrer to this complaint without leave to amend and entered judgment in favor of the defendant. From this judgment the plaintiff appeals.

[1] One of the grounds of demurrer was that it appeared from said complaint that the cause of action therein stated is barred by the statute of limitations of the state of California. The sole question presented on this appeal is the question whether or not the cause of action is thus barred. More particularly, the question is, whether upon such an agreement to waive the benefit of the statute of limitations, the waiver is continuous, or whether, on the other hand, it is limited to the statutory period of four years running from the time of maturity of the note as extended by the agreement. It will be noted that if under the second extension agreement the statute began to run from and after the twenty-ninth day of April, 1917, the bar of the statute would be complete on the twenty-ninth day of April, 1921. This action was commenced by the filing of the original complaint on the thirteenth day of March, 1923. The record does not show the date of the death of Anna K. Jones, but it does appear from the complaint that the plaintiff was appointed executrix of her will on the sixth day of January, 1923.

We are of the opinion that the statute of limitations had not run against said note at the time of the commencement of this action. In support of this conclusion nothing further is necessary than to read the decision of the supreme court of California in *Brownrigg* v. *De Frees,* 196 Cal. 534 [238 Pac. 714]. After first stating that the privilege conferred by the statute of limitations is not a right protected under the rule of public policy, but is a mere personal right for the benefit of the individual, which may be waived, the court takes up the question as to whether the courts will place a limit of time beyond which the statute cannot be suspended. After discussing some California decisions and admitting that they leave a degree of uncertainty upon the particular question at issue, the court cited with apparent approval the case of *State Trust Co.* v. *Sheldon,* 68 Vt. 259, [35 Atl. 177], wherein, after stating that the benefit of the statute of limitations may be waived, that court said: ''When such waiver is made it is *continuous,* unless by its terms it is

*limited to a specified time.* There was no such limitation in the waiver of the defendants. We, therefore, hold that they are estopped from pleading the statute of limitations in bar of plaintiff's action." After citing further decisons, our supreme court then said: "The intention of the parties must always be considered in the light of the circumstances of each particular case. A promise not to take advantage of the statute pending negotiations for allowing further time to arbitrators to report, or pending negotiations for the adjustment of the difference between litigants, will not be construed to be an agreement never to take advantage of the statute, but an agreement that the statute should not run while the settlement was pending. After negotiations have concluded, the statute will begin to run. (*Cowart* v. *Perrine,* 21 N. J. Eq. 101.) So, too, it has been held in cases where the circumstances seem to justify the inference that it was not intended that the statute was to be suspended for all time, it is suspended for a reasonable time only."

In the case at bar it does not appear that there were any attendant circumstances which would justify the inference that the waiver of the statute was limited. The case is clearly open to the rule stated in the Vermont case and approved by our supreme court, that when the waiver is made it is continuous, unless by its terms it is limited to a specified time. In the agreement made by the defendant there was no such limitation.

The judgment is reversed.

Works, J., *pro tem.,* concurred.