[Civ. No. 4665. Second Appellate District, Division One.—November 15, 1926.]

## JOSEPH HAMMELL, Appellant, v. JOSEPH W. ATKINSON, Respondent.

[1] STATUTE OF LIMITATIONS—WAIVER—VALID MORTGAGE—PLEADING—DEMURRER.—A provision in a mortgage that "the pleading of the statute of limitations as a defense to any demand secured by this mortgage is hereby waived" is valid; and in an action against the mortgagor to foreclose such mortgage, a demurrer to the complaint on the ground of the statute of limitations should be overruled.

(1) 37 C. J., p. 724, n. 50; 41 C. J., p. 873, n. 7.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Reversed.

The facts are stated in the opinion of the court.

Lewis & Lehman for Appellant.

Ellis & Vickers and Elmer H. Howlett for Respondent.

CONREY, P. J.—The judgment was entered pursuant to an order sustaining respondent's demurrer to the plaintiff's second amended complaint and after failure of the plaintiff to further amend his complaint. [1] The sole question raised by the demurrer and involved in this appeal relates to the statute of limitations. It is admitted that at the time of the commencement of this action, the right of action was barred unless such right had been preserved by an agreement of the debtor waiving the benefit of the statute of limitations. In the mortgage executed by the defendant it was provided that "the pleading of the statute of limitations as a defense to any demand secured by this mortgage is hereby waived." Appellant contends that, for several reasons urged by him, this agreement of waiver was invalid.

In all essential particulars the same questions of law were before the supreme court of California in *Brownrigg* v. *De*

1. See 16 Cal. Jur. 400; 17 R. C. L. 886.

*Frees,* 196 Cal. 534 [238 Pac. 714], and before this court in the recent case of *McGee* v. *Jones, ante,* p. 403 [249 Pac. 544]. It is sufficient to say, upon the authority of those decisions, that there appears to be no doubt that defendant's demurrer to the complaint in the present case should have been overruled.

The judgment is reversed.

Houser, J., concurred.

York, J., being disqualified, took no part in this decision.