[L. A. No. 11934. In Bank.—November 2, 1931.]

LOUIE S. DEXTER, Appellant, v. GEORGE M. PIERSON et al., Defendants; CATHERINE A. McKENNA, Respondent.

248

Edwin J. Miller for Appellant.

Catherine A. McKenna, *in pro. per.*, and J. Irving McKenna for Respondent.

PRESTON, J.—We granted a rehearing in this cause to give further consideration to the contention of respondent that she could, as a subsequent purchaser, invoke the statute of limitations as a defense to a foreclosure action, notwithstanding an express covenant by the mortgagor of the premises inserted in the mortgage that such plea was perpetually waived. She cites a long line of cases, beginning with *Lord* v. *Morris*, 18 Cal. 482, and ending with *Foster* v. *Butler*, 164 Cal. 623, 627 [130 Pac. 6].

The substance of these holdings is that the mortgagor cannot, by waiving the bar of the statute, affect the right of a subsequent purchaser or encumbrancer of the mortgaged premises to insist, as to himself, that the action was not brought in time. Or, as stated in *Wood* v. *Goodfellow*, 43 Cal. 185, 188: "When third persons have subsequently acquired interests in the mortgaged property they may invoke the aid of the statute as against the mortgage, even though the mortgagor, as between himself and the mortgagee, may have waived its protection; and we see no difference in principle between a suspension of the running of the statute resulting from an express waiver and one caused by his voluntary act in absenting himself from the state."

But this doctrine does not reach the situation before us. The cases referred to relate to acts or conduct of the mortgagor occurring after the purchase or encumbrance, in good faith, or such acts or conduct before, of which the purchaser had no notice. Here the instrument hypothecated the property to secure the debt, giving a lien thereon, and it provided that such lien might not be defeated by the plea that it was barred by the statute.

Such provision being valid and contained in the instrument of record, the purchaser took with notice of it.

Whether or not it was a covenant running with the land (sec. 1462, Civ. Code) is immaterial, as a valid, continuing lien was created of which the purchaser had due notice, and that is sufficient. (*Fresno Canal etc. Co.* v. *Rowell,* 80 Cal. 114 [13 Am. St. Rep. 112, 22 Pac. 53]; *Fresno Canal etc. Co.* v. *Dunbar,* 80 Cal. 530 [22 Pac. 275]; *Title Ins. etc. Co.* v. *Miller & Lux,* 183 Cal. 71, 88 [190 Pac. 433].)

We therefore republish our former opinion, as follows, to wit:

"This action was brought for the purpose of foreclosing two mortgages given to secure an indebtedness of $1,600, evidenced by two promissory notes, each in the sum of $800. Each note is dated May 28, 1915, and matures one year from date. The property mortgaged consists of a considerable number of parcels of real property. At the time these mortgages were duly and properly recorded they constituted a first lien on the real property involved. The notes and mortgages were signed by George M. and Rena W. Pierson, who were acting as trustees for one H. Percival Oates. Oates paid the interest on the notes until January of 1917, since which time no payments of principal or interest have been made. The mortgagee was one Edward Russek.

"Since 1917 the property involved has been in constant litigation. Edward Russek, the mortgagee, died in that year, and his estate, including the two notes and the two mortgages here involved, was distributed to his widow, Rosario Russek. The decree of distribution misdescribed the notes, the description being corrected by order of court, dated December 6, 1927.

"In 1920, Ester Russek, as purported assignee, commenced an action to foreclose the mortgages, which action resulted in a judgment of foreclosure. This action was subsequently dismissed in September of 1924.

"In April of 1924, Ester and Rosario Russek transferred the notes and mortgages to Louie S. Dexter, the plaintiff and appellant herein, and gave as evidence of the transfer a quitclaim deed to the property. This quitclaim deed was reformed by order of court, dated October 14, 1927, so as to constitute a formal assignment of the notes and mortgages.

"In March of 1924, the Piersons, the original mortgagors, conveyed all the real property covered by the two mort-

gages to L. and Roy Lockwood. Catherine A. McKenna, respondent herein, subsequently secured the Lockwood title to the property.

"Louie Dexter, after securing the quitclaim deed mentioned above, started a quiet title action against the Lockwoods and others, but subsequently dismissed as to the Lockwoods. Catherine A. McKenna intervened in that action and took a default judgment against Dexter. This default judgment was subsequently set aside by order of court.

"In July of 1926, Dexter commenced this present foreclosure action, naming the Piersons, Oates, Catherine A. McKenna and others as defendants. The complaint sets forth two causes of action, one on each note and mortgage, and in each cause of action it is specifically pleaded that defendants have waived the bar of the statute of limitations. On various motions and on two trials of this action, five different trial judges have passed on the question as to whether the action is barred by the statute of limitations; three judges ruled that it was not barred and two that it was. Judgment was finally entered in favor of defendants, principally on the theory that the action was barred. From the judgment so entered appellant has prosecuted this appeal. From an examination of the briefs filed in this case it appears that neither counsel has shown the diligence in the preparation of the briefs nor the regard for the rules of court expected of counsel in causes pending in this court. In the interests of justice, however, we will consider the merits of the appeal.

"The only question worthy of discussion presented is whether or not the statute of limitations has been waived by these defendants. In each mortgage appears the following clause: ' . . . the pleading of the statute of limitations as a defense to any demand secured by this mortgage is hereby waived. . . . '

"The debt, evidenced by the promissory note, is obviously the 'demand' referred to, and in reference to such 'demand' the mortgagor has expressly waived the statute. The fact that no such waiver appears on the face of the note is immaterial. The situation is simply one by which the mortgagor, by a separate writing, has waived the statute of limitations in reference to any action based on the note or mortgage. From the facts of the case it clearly appears

that the grantee of the mortgagor had notice of the waiver of the statute by her predecessor in title. It is obvious that if the waiver is binding against the mortgagor, it is likewise binding on all those who take the property subject to the mortgage and with knowledge thereof. **[3]** The only question involved, therefore, is whether this waiver, being unlimited as to time, is a binding and enforceable waiver. Although there is a great conflict of authority in other states as to the effect of such unlimited waiver (37 Cor. Jur. 722, sec. 41 et seq.), the law in this state has been finally settled by the case of *Brownrigg* v. *De Frees,* 196 Cal.. 534 [238 Pac. 714]. In that case this court, after a complete review of the authorities, held a waiver for ninety-nine years was valid. In *McGee* v. *Jones,* 79 Cal. App. 403 [249 Pac. 544], on the authority of the De Frees case, *supra,* the District Court of Appeal held an unlimited waiver valid. In *Hammell* v. *Atkinson,* 79 Cal. App. 708 [250 Pac. 1117], the very point now being discussed was decided. In that case the waiver was to be found in a mortgage, and was in exactly the same words as the waiver here relied on. The court held that the waiver was valid and that the statute of limitations was no defense to an action to foreclose.''

The judgment is reversed.

Shenk, J., Richards, J., Curtis, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.