[L. A. No. 14507. In Bank.—September 24, 1934.]

H. B. BUSING, as Administrator, etc., Respondent, v. GEORGE M. PIERSON et al., Defendants; CATHERINE A. McKENNA, Appellant.

Catherine A. McKenna, *in pro. per.,* and J. Irving McKenna for Appellant.

Edwin J. Miller for Respondent.

WASTE, C. J.—Respondent moves to dismiss the appeal herein or to affirm the judgment appealed from, urging that nothing of merit has been advanced in support of a reversal.

The action was brought for the purpose of foreclosing two mortgages given to secure an indebtedness of $1600, evidenced by two promissory notes, each in the sum of $800. The property mortgaged consists of several parcels of real property. When recorded, the mortgages became first liens on the property. Plaintiff is the assignee of the notes and mortgages. The defendant, by mesne conveyances, became the owner of the mortgaged property. In due time plaintiff commenced this foreclosure action which, after trial, terminated in defendant's favor principally upon the theory that the action was barred. This court reversed the judgment. (*Dexter* v. *Pierson*, 214 Cal. 247 [4 Pac. (2d) 932].) Upon the second trial judgment went for the plaintiff, whereupon the defendant McKenna prosecuted the present appeal. She urges fifteen grounds in support of a reversal. ■ Comparison of these contentions with those urged by appellant in her brief upon the prior appeal in an effort to sustain a judgment favorable to her and to demonstrate the impropriety of a judgment for plaintiff, indicates that all but two of the points now raised were there advanced and, by reason of the reversal, necessarily determined to be without merit. The prior decision is now the law of the case as regards the several contentions urged on the former appeal and repeated herein.

■ Appellant advances but two other points worthy of consideration. Each is devoid of merit. The first has to do with the propriety of the trial court's action in permitting plaintiff to file a supplement to the complaint in order to bring in certain other parties defendant whose claim of interest in the mortgaged premises came to light at the conclusion of the trial and before the signing and filing of the findings and judgment. These parties were thereafter found to have no interest in either the notes and mortgages or the mortgaged property. Judgment went against said new defendants and they have not appealed. Appellant is not in a position to complain. Her rights were in no way affected or prejudiced by the amendment.

Equally untenable is appellant's claim that the court below was without jurisdiction to enter a personal judgment against her inasmuch as she had not assumed or agreed to pay the mortgages. The judgment does not purport to hold appellant personally liable for any portion of the mortgage debt. It merely decrees a sale of the properties to satisfy the mortgage liens and provides that in the event the proceeds from such sale are insufficient to also discharge the *costs of suit* the appellant shall pay such costs. There is, of course, no impropriety in holding the losing party answerable for the costs of suit.

In conclusion, we do not find that the court below abused its discretion in denying appellant's motion for a new trial.

The motion is granted and the judgment is affirmed.

Curtis, J., Preston, J., Langdon, J., Shenk, J., Seawell, J., and Spence, J., *pro tem.*, concurred.

Rehearing denied.