244

[Civ. No. 5639.   Third Appellate District.—July 7, 1936.]

RUSSELL D. HARDY, Special Administrator, etc., Respondent, v. LOUIS MARCUS, Appellant.

Benjamin P. Riskin for Appellant.

Russell D. Hardy, *in pro. per.,* for Respondent.

THE COURT.—An action was filed by Mary Marcus against her son Louis Marcus, defendant and appellant herein, to rescind for lack of consideration a conveyance by her to appellant of an undivided one-half interest in a particular piece of real property, and to quiet her title thereto. During the pendency of this action Mary Marcus died, and Russell D. Hardy, as special administrator of her estate, was substituted as plaintiff. The question involved is the right of the executor of an estate to be substituted as party plaintiff in an action brought by the deceased in her lifetime against her grantee to set aside a conveyance. That an action for the recovery of real property survives in favor of the representative of the estate, is established by various provisions of the Probate Code and the Code of Civil Pro-

cedure. Section 385 of the Code of Civil Procedure provides:

"An action or proceeding does not abate by the death, or any disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death or any disability of a party, the court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest."

Section 573 of the Probate Code reads: "Actions for the recovery of any property, or for the possession thereof, or to quiet title thereto, or to determine any adverse claim thereon, and all actions founded upon contracts, may be maintained by and against executors and administrators in all cases in which the same might have been maintained by or against their respective testators and intestates." And, section 581 of the same code provides, "The executor or administrator is entitled to the possession of all the real and personal property of the decedent, and to receive the rents, issues and profits thereof until the estate is settled or until delivered over by order of the court to the heirs, devisees or legatees."

The rule, and the reason for the rule, is clearly stated in 11 California Jurisprudence, page 1094, where it is declared that the question is no longer open that an executor or administrator may maintain an action to set aside a deed procured from testator by undue influence, fraud, menace or duress. It then continues, "Since the fraud and wrong were committed on the testator and in his lifetime, he might have brought suit to recover the property; and his personal representative not only has the power, but it is his duty to sue for the recovery thereof as a part of the estate. It is not necessary that it be shown that there is a deficiency of assets wherewith to pay existing creditors, or that the property is needed for purposes of administration."

The will of Mary Marcus devised to the appellant the residue of her estate, and provided that any person who attempted to or contested her will should receive one dollar instead of the devise or bequest to which they would otherwise be entitled.

We are not here called upon, however, to construe the will nor to determine whether or not appellant is a contestee.

The provisions of the code are general and are in the interest of the heirs, creditors, and all interested in the estate. The instant case is no exception to the rule.

The order from which this appeal is taken is affirmed.