[Civ. No. 11336. First Appellate District, Division Two.—April 24, 1940.]

PHILIP E. GREY, as Administrator, etc., Respondent, v. GEORGE M. PIERSON et al., Defendants; CATHERINE A. McKENNA, Appellant.

Catherine A. McKenna, *in pro. per.*, for Appellant.

Edwin J. Miller for Respondent.

SPENCE, J.—This is an appeal from an order denying a motion to substitute W. P. Nichols as plaintiff in the above-entitled action in the place and stead of H. B. Busing, as administrator of the estate of Louie S. Dexter, deceased.

There have been two prior appeals in this case *Dexter* v. *Pierson*, 214 Cal. 247 [4 Pac. (2d) 932]; *Busing* v. *Pierson*, 1 Cal. (2d) 495 [36 Pac. (2d) 116]). The motion to substitute involved on this appeal was not made until August, 1936, being almost two years after the judgment had become final. During the pendency of this appeal, Philip E. Grey, as administrator of the estate of Louie E. Dexter, deceased, was substituted as respondent in the place and stead of H. B. Busing, as such administrator; and Catherine A. McKenna, one of the defendants in the action, was substituted as appellant in the place and stead of W. P. Nichols.

While an order denying a motion to substitute is not ordinarily an appealable order (*Grant* v. *Los Angeles etc. Ry. Co.*, 116 Cal. 71 [47 Pac. 872]; *Welch* v. *Allen*, 54 Cal. 211), the order under attack is claimed to be appealable on the theory that it is in effect a final judgment. (*Walsh* v. *Superior Court*, 92 Cal. App. 454 [268 Pac. 442].) We may assume, without deciding, that the order made in the instant case was in effect a final judgment and appealable, but we are, nevertheless, of the opinion that appellant has presented no adequate record to show error on the part of the trial court in denying the motion.

The record contains no copy of the judgment roll (Code Civ. Proc., sec. 950) and the bill of exceptions is wholly inadequate. Said bill of exceptions contains a copy

of the notice of motion followed by copies of certain affidavits. It does not appear therefrom that said affidavits were attached to the notice of motion or that said affidavits were offered in the trial court in support of the motion. If we may so assume, there is, nevertheless, no showing that said affidavits constituted all of the evidence presented for the consideration of the trial court on the hearing of the motion. An appellant is not entitled to a reversal unless an adequate record is presented showing affirmatively the existence of error. (*Olson* v. *Ranker,* 93 Cal. App. 124 [269 Pac. 175]; *Shepard* v. *Yale,* 94 Cal. App. 104 [270 Pac. 742]; *Eddie* v. *Schumacher Wall Board Co.,* 79 Cal. App. 318 [249 Pac. 235]; *Foster* v. *Young,* 172 Cal. 317 [156 Pac. 476]; 2 Cal. Jur. 697.) No such record has been presented here, and it is therefore unnecessary to discuss the other points urged by respondent in support of the order.

The order is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.