[Civ. No. 17843.   Second Dist., Div. Two.   Dec. 8, 1950.]

Estate of RAY I. HILDE, Deceased. NINA KELLY, Appellant, v. COUNTY OF LOS ANGELES DEPT. OF CHARITIES, Respondent.

H. L. Sacks for Appellant.

Harold W. Kennedy, County Counsel, and Robert L. Trapp, Deputy County Counsel, for Respondent.

McCOMB, J.—From orders disapproving and denying the first and final account and the petition for distribution of the administratrix, and from an order allowing and approving the claim of the county of Los Angeles and refusing to strike it from the record, administratrix appeals.

*Facts:* Letters of administration were issued November 9, 1946. The estate was subsequently appraised at $1,033.33. A claim of the county of Los Angeles for $554.89 for hospital care provided for the wife of the deceased between September, 1938, and December, 1941, was filed and approved.

At the same time there was filed a waiver of the statute of limitations signed by decedent wherein he agreed to reimburse the county of Los Angeles for care given to his wife. Previous to the date of the signing of the agreement and at the time thereof decedent was confined in a hospital for the mentally unsound. The claim of the county was approved by the administratrix in open court on March 7, 1949.

Thereafter the administratrix made a motion to strike the approval, and at the time of the filing of the account and petition for distribution here in question she sought the allowance of the sum of $1,033.02 for funeral expenses of the decedent allegedly advanced by the administratrix.

*Questions:* First: *Was appellant's motion to strike out the claim of the county which had been approved March 7, 1949, made within the time allowed by law?*

This question must be answered in the negative. Such motion made under section 473 of the Code of Civil Procedure, which section provides that application for relief under it "must be made within a reasonable time and in no case exceeding 6 months after such . . . order . . . was taken," was untimely. In the present case the claim was approved March 7, 1949, and the motion to set it aside was made more than nine months later, to wit, December 12, 1949. Therefore the court was without jurisdiction to entertain the motion.

If appellant's proceeding be considered as an attempt to recoup, in objecting to the account which she signed, she is barred from recovering for the reason that the allowance and approval of a claim is binding between the actual parties and the representative of an estate cannot question the validity of the claim after it has been approved upon a proceeding to obtain an order for the payment of money. (*Estate of McKinley,* 49 Cal. 152, 154.)

■ Second: *Did the trial court properly disallow appellant's claim for reimbursement for funeral expenses of decedent?*

This question must be answered in the affirmative. Section 929 of the Probate Code reads, "If it appears that debts of the decedent have been paid without verified claims having been filed or presented and allowed and approved, and it shall be proven that such debts were justly due, were paid in good faith, that the amount paid was the true amount of such indebtedness over and above all payments or setoffs, and that the estate is solvent, the court, in settling the account, shall allow the sums so paid."

Appellant did not attempt to meet any of the requirements of the foregoing section of the Probate Code, to wit, that the debts paid without a verified claim having been filed were justly due, paid in good faith, and that the amount paid was the true amount of such indebtedness. Hence any other holding of the probate court would have been unsupported by the evidence.

■ Third: *Was the claim of the county of Los Angeles against decedent's estate barred by the statute of limitations?*

This question must be answered in the negative. In *Dexter* v. *Pierson*, 214 Cal. 247, 251 [4 P.2d 932], our Supreme Court held that a waiver of the statute of limitations unlimited in time is binding and enforceable as a waiver. Such rule applies in the instant case.

■ Fourth: *Did the trial court properly withhold its approval of appellant's final accounting and petition for distribution?*

This question must be answered in the affirmative for the reasons that no explanation was made for the claim for $150 for attorney's fees or costs, nor does the record disclose which portion thereof was claimed for attorney's fees and what portion was claimed for costs. Neither is there any explanation of the discrepancy existing between the amount in the inventory of $1,033.33 and the claim that the net assets of the estate amount to only $750.

Affirmed.

Moore, P. J., and Wilson, J., concurred.