[Civ. No. 18823. Second Dist., Div. One. July 8, 1952.]

Estate of RAY I. HILDE, Deceased. NINA KELLY, Appellant, v. COUNTY OF LOS ANGELES, Respondent.

H. L. Sacks for Appellant.

Harold W. Kennedy, County Counsel, and Robert C. Lynch, Deputy County Counsel, for Respondent.

HANSON, J. pro tem.—This is the second appeal taken in this case. Upon the first appeal (101 Cal.App.2d 41 [224 P.2d 765]) the rulings of the trial court were affirmed. In short it was held (1) that the allowance of a claim filed by the county of Los Angeles for the sum of $554.89 was not subject to attack; (2) that the court properly disallowed appellant's claim for reimbursement for funeral expenses of decedent.

After the remittitur went down appellant filed a new current account and report in which she sought to relitigate

the claim of the county and the administratrix' right to reimbursement. This she was not entitled to do as the matter was res judicata. Upon a hearing at which evidence was taken the court rendered findings (1) surcharging the administratrix in the amount of $1,156.15, which she had received in cash and personal property at the appraisal value thereof; (2) directing her to pay the county's claim and out of the balance of the surcharge to reimburse herself (a) for attorney's and administratrix' fees in the amount of $152.48 and (b) for funeral expenses up to $405.54.

Upon the appeal before us the administratrix contends that she should not be charged with the estate's appraised interest in the trust deed, i.e., the sum of $833.33 but at the price she sold the interest without a court order, i.e., $750. ■ The short answer to this contention is that the administratrix is liable for the appraised value of personal property in the absence of a court order permitting a sale at a lesser price. The administratrix had the trust deed in her possession when she sold the estate's interest in it.

■ The fact that the administratrix paid the funeral expenses in the sum of $1,038.02 with approval of the heirs is of no moment in the absence of a court order approving the expenditure. No claim for funeral expenses was filed with the administratrix and hence she paid the bill at' her peril as between herself and creditors. ■ It was for the court in its sound discretion to determine to what extent the expenditure was fair and reasonable (*Estate of Malgor*, 77 Cal.App.2d 535 [176 P.2d 66]).

The motion for a new trial was rightly dismissed by the trial court for want of jurisdiction to entertain it (Prob. Code, § 1231) and accordingly the appeal therefrom is dismissed.

Other errors assigned by appellant are so flimsy and unmeritorious as not to warrant our detailing them.

The attorney for appellant had no standing to make himself a party to the case and his appeal from the court's ruling to that effect is accordingly dismissed.

The judgment below should be and it is affirmed.

Doran, Acting P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied July 30, 1952, and appellant's petition for a hearing by the Supreme Court was denied September 4, 1952.