RICHARD C. SUTTON *v.* CHINN HO, GEORGE H. VICARS, JR., MARK NORMAN OLDS, GUARDIANS OF THE ESTATE OF VICTORIA KATHLEEN WARD.

No. 4082.

ARGUED APRIL 20 AND 27, 1959.    DECIDED MAY 7, 1959.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

*Per Curiam.* Hawaiian Trust Company, Limited, A. F. Mahn and Edward C. Hustace, Administrators of the Estate of Victoria Kathleen Ward, Deceased, have filed a motion asking that they be substituted as appellees in this case in the place of the present appellees of record. The question for decision is whether the administrators may properly be substituted for present appellees, and, if so, whether they are the only parties who may be so substituted.

Present appellees are Chinn Ho, George H. Vicars, Jr., and Mark Norman Olds, who were guardians of the estate of Victoria

Kathleen Ward during her lifetime and until their discharge by the circuit judge after her death. Victoria Kathleen Ward was an incompetent person requiring a guardianship for the management of her property. The guardians were discharged after the instant case was appealed to this court. The question of substitution arises because present appellees no longer have any interest in the case by reason of their discharge as guardians.

The case involves a controversy over Victoria Kathleen Ward's interests in two parcels of land on Oahu. There is no question that the administrators are the proper and the only necessary parties to be substituted for present appellees if the case involved a controversy over personal property only. (*Colburn* v. *U. S. F & G. Co.,* 25 Haw. 479; *Colburn* v. *Carter,* 25 Haw. 482.) But, because the case involves a controversy over land, there is a question as to whether the heirs, as well as the administrators, are necessary parties.

Ordinarily, where an action involves title to land and the party who claimed the title dies, the action is revived in the names of his heirs and not in the names of his personal representatives. (1 Am. Jur., *Abatement and Revival,* § 175; 39 Am. Jur., *Parties,* § 100; 1 C.J.S., *Abatement and Revival,* § 164; 34 C.J.S., *Executors and Administrators,* § 741.) But an action may be revived solely in the names of the personal representatives where such procedure is authorized by statute. (*Bruun* v. *Hanson,* 103 F. [2d] 685, 696; *Hardy* v. *Marcus,* 15 C.A. [2d] 244, 59 P. [2d] 421; *Jameson* v. *Goodwin,* 43 Okl. 154, 141 Pac. 767.) We conclude from an examination of our statutes that, where a party to a pending action dies, only his personal representatives need be substituted. Under R.L.H. 1955, § 230-55, an action does not abate upon the death of a party but it may be continued as provided in subsequent sections; and in § 230-58, it is provided that where a sole defendant dies, an action may be continued against his executor or administrator. Furthermore, R.L.H. 1955, § 317-14 provides: "The executor or administrator is entitled to the possession and control of the real estate of the decedent and to receive the rents, issues and profits thereof until such possession and control is terminated by order of court. * * * The heirs or devisees may themselves, or jointly with the executor or administrator, main-

tain an action or suit, for the possession of the real estate or for quieting the title thereto, or for the registration of the title thereof against anyone except the executor or administrator, but shall not be required to do so." In *Bruun* v. *Hanson, supra,* in construing the last sentence of 1 Idaho Code 1932, § 15-410, which is identical with the last sentence of R.L.H. 1955, § 317-14, the court stated: "Although appellants might have been substituted, alone or jointly with Bean, they were not required in the proceeding." In that case appellants were the heirs and Bean was the administrator of the estate of the deceased claimant.

The administrators' motion for order of substitution is granted.

*Frank D. Gibson, Jr., (Henshaw, Conroy & Hamilton)* for Hawaiian Trust Co., Ltd., A. F. Mahn and Edward C. Hustace, Administrators, for the motion.

*Richard C. Sutton* for himself, contra.