[S. F. No. 21792.    In Bank.    Dec. 9, 1964.]

MABEL STEVENSON, as Executrix, etc., Petitioner, v. THE SUPERIOR COURT OF SONOMA COUNTY, Respondent; HELEN STEVENSON, Real Party in Interest.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

Swartfager & Allen, Bryce Swartfager, Dwight S. Allen and William B. Boone for Petitioner.

No appearance for Respondent.

DeMeo, DeMeo, Foster & Waner and J. N. DeMeo for Real Party in Interest.

TOBRINER, J.—Mabel Stevenson, widow and executrix of the will and estate of Joseph Stevenson, plaintiff and cross-defendant in a divorce action with Helen Stevenson, has filed her petition for writs of mandate and prohibition to require the Superior Court of Sonoma County to terminate proceedings in that divorce action. Following our decision in *McClenny* v. *Superior Court* (1964) *ante,* p. 140 [41 Cal. Rptr. 460, 396 P.2d 916], which we have decided recently, we have concluded that the petition should be denied.

Joseph Stevenson brought an action for divorce and for a determination and division of the community property against Helen Stevenson, who answered and cross-complained, also seeking a divorce and a determination and division of the community property. On March 1, 1957, the Superior

Court of Sonoma County entered an interlocutory decree of divorce in favor of Helen Stevenson upon the ground of extreme cruelty. The decree expressly reserved for further proceedings determination of the community property rights of the parties. On March 3, 1958, the court entered a final divorce decree, but again reserved jurisdiction to determine the rights of the parties in the community property. On the same day Joseph married Mabel Stevenson, the present petitioner. On November 6, 1960, Joseph died; at the time of his death the court still had not divided the community property.

Helen Stevenson thereafter notified the court of Joseph's death and moved for an order substituting Mabel Stevenson as a party to the action. Petitioner objected to the motion, contending that Joseph's death abated the divorce action and terminated the court's jurisdiction to divide the community property. On October 18, 1962, the court ruled that it retained jurisdiction to proceed with the action. On May 22, 1964, it issued its order determining that Helen Stevenson was entitled to approximately 75 per cent of the community property and the estate of Joseph to approximately 25 per cent.

Petitioner contends that Joseph's death abated the divorce action and deprived respondent court of jurisdiction to award Helen more than one-half of the community property. The sole issue in this case turns upon whether the respondent court retained jurisdiction, following Joseph's death, to award Helen more than one-half of the community property. This case thus presents an issue substantially identical to that raised in *McClenny* v. *Superior Court* (1964) *ante,* p. 140 [41 Cal.Rptr. 466, 396 P.2d 916]. We pointed out there that although the death of one spouse terminates the jurisdiction of the divorce court to dissolve the marriage, death cannot nullify property rights which accrue in the course of the divorce litigation. When the court granted Helen Stevenson a decree of divorce on the ground of extreme cruelty, it thereby created in her a valuable property right to a share of the community property in excess of one-half. That right survives the death of either spouse.

Petitioner notes, however, that the instant case differs from *McClenny* in that here the wrongdoer died, although in *McClenny* he survived the death of the innocent spouse. Petitioner contends that the right to more than one-half of

the community property constitutes a cause of action for punitive damages and thus dies with the wrongdoer. (See Prob. Code, § 573.)

Although petitioner cites dicta suggesting that the purpose of the rule requiring an award of over 50 per cent of the community property to the innocent party is the punishment of the guilty spouse (see, e.g., *Arnold* v. *Arnold* (1946) 76 Cal.App.2d 877, 881 [174 P.2d 674]; *Falk* v. *Falk* (1941) 48 Cal.App.2d 762, 771 [120 P.2d 714]), such dicta do not express the full and probing approach which should be taken in this matter. ▮▮ In dividing community property in cases involving a decree in favor of one spouse upon the ground of extreme cruelty or adultery, both the trial court and appellate court exercise broad discretion and must consider *all* circumstances in the case. ▮▮ As the court in *Hill* v. *Hill* (1957) 150 Cal.App.2d 34, 37-38 [309 P.2d 44], states: ''Apparently the decisions have embraced the concept that it is proper in such cases to visit punishment upon the erring spouse in the apportionment of community property. Nevertheless, divorce having been granted and the time having arrived for apportioning the community property, the amount thereof, the age of the parties, their physical and mental condition, their ability to support themselves, and the needs of minors, if such there be, are all matters ranking higher in the scale of importance than the infliction of punishment for wrongdoing.''

Although petitioner argues that we would now be affording to the divorce hearing ''some retroactive effect on disputed fault issues'' as to the disposition of the property, the husband did not in the divorce action dispute the issue of fault. In any event, the divorce court, upon the showing of the wife, did find, as the decree evidences, the fault of the husband.

Our opinion in *McClenny* covers the substance of the remaining points raised by petitioner.

The alternative writ is discharged and the petition for writs of mandate and prohibition is denied.

Traynor, C. J., Peters, J., Peek, J., and Mosk, J., concurred.